09-3963-cr(L)
United States v. Armstrong

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 14ᵗʰ day of January, two thousand eleven.

PRESENT:
>        AMALYA L. KEARSE,
>        RALPH K. WINTER,
>        PETER W. HALL,
>                     *Circuit Judges.*

---

UNITED STATES OF AMERICA,

>                     *Appellee,*

>        v.                                    Nos. 09-3963-cr(L), 09-3970-cr(Con)

JOHN ARMSTRONG, ALSO KNOWN AS PESO, JUSTICE CEPHAS, ALSO KNOWN AS WOODROW JACKSON, ALSO KNOWN AS MAN, ALSO KNOWN AS REGINALD MURRAY, NICHOLAS HAYES, TYQUAN MIDYETT, SHAWN PENDER, OSCAR RAY, ALSO KNOWN AS JOHN DOE, ALSO KNOWN AS E, BRIAN SANTANO, CHEYENNE SIMONS, ALSO KNOWN AS THE PRESIDENT, ALSO KNOWN AS SHITTY, TEON SIMONS,

>                     *Defendants,*

MICHAEL BROWN, ALSO KNOWN AS NIGHTCRAWLER, STANLEY FEASTER, ALSO KNOWN AS GREEN EYES,

>                     *Defendants-Appellants.*[1]

---

[1]In a separate order filed today, we grant both Joseph F. Kilada's motion for permission to withdraw as Defendant-Appellant Stanley Feaster's counsel pursuant to *Anders v. California*, 386 U.S. 738 (1967), and the Government's motion to dismiss Feaster's appeal as barred by the

FOR APPELLEE:    WILLIAM E. SCHAEFFER, Assistant United States Attorney, *of counsel* (David C. James, Assistant United States Attorney) *for* Loretta E. Lynch, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT
MICHAEL BROWN:    RICHARD D. WILLSTATTER, Green & Willstatter, White Plains, New York.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Matsumoto, *J.*).  **UPON DUE CONSIDERATION**, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED**, that the judgment of the district court is **AFFIRMED**.

Defendant-Appellant Michael Brown appeals from the district court's judgment entered on September 15, 2009 convicting him, after a jury trial, of conspiracy to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(iii) and § 846, three counts of drug distribution near a school and public housing authority in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B)(iii) and § 860(a), and use of a firearm in violation of 18 U.S.C. § 924(c)(1)(A)(i).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

On appeal, Brown raises three principal arguments that the district court erred in denying his motion to suppress physical evidence and post-arrest statements.  First, he asserts that the search of his apartment was illegal because, although a warrant for that apartment had been

_____

waiver of appellate rights contained in his plea agreement.  Accordingly, this summary order addresses only Defendant-Appellant Michael Brown's claims on appeal.

2

issued, the police officers, prior to conducting the search, did not have the warrant in hand, had not read the warrant, and had not had its terms read to them. Second, he contends that exigent circumstances did not otherwise justify the search because, *inter alia*, a person throwing vials of crack cocaine from an apartment window did not constitute violent conduct, and a slight delay to contact the narcotics division to retrieve the previously issued warrant would not have resulted in the destruction of evidence. Third, he submits the government failed to meet its burden in establishing that the seizure of the firearm and crack cocaine in his apartment's closet fit within the plain view exception to the Fourth Amendment's warrant requirement. We review the district court's ruling on a suppression motion for clear error with respect to factual findings, viewing the evidence in the light most favorable to the government, and *de novo* as to questions of law. *United States v. Rodriguez*, 356 F.3d 254, 257 (2d Cir. 2004).

Applying these principles to this case, we affirm for substantially the same reasons articulated by the district court in its thoughtful and well-reasoned memorandum and order filed on February 3, 2009. *See generally United States v. Brown*, 596 F. Supp. 2d 611 (E.D.N.Y. 2009). The Supreme Court has explicitly recognized that "neither the Fourth Amendment nor Rule 41 of the Federal Rules of Criminal Procedure requires the executing officer to serve the warrant on the owner before commencing the search." *Groh v. Ramirez*, 540 U.S. 551, 562 n.5 (2004). Relying on this authority, the district court concluded that an officer is not required to have a search warrant in hand when conducting the search. *Brown*, 596 F. Supp. 2d at 625. Additionally, having found that the supervising officer had knowledge that the narcotics division had obtained a search warrant for crack cocaine at Brown's apartment, and that the supervising officer informed the other officers of the warrant prior to the search, the court properly held that

3

such objective information allowed the officers to conduct a reasonable search that fell within constitutional parameters. *See id.* at 626-27; *see also Brigham City v. Stuart*, 547 U.S. 398, 404 (2006) ("An action is reasonable under the Fourth Amendment, regardless of the individual officer's state of mind, as long as the circumstances, viewed *objectively*, justify [the] action." (emphasis in original; internal quotation marks omitted)). Because the search of Brown's apartment was authorized by and executed pursuant to a valid search warrant, we need not reach Brown's arguments concerning exigent circumstances and the plain view doctrine.

We have considered all of Brown's contentions on this appeal and have found them to be without merit. For the reasons stated, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk